RIGGS et al. v. BROWN et al.

(Circuit Court, S. D. New York. May 13, 1909.)

COURTS (§ 322*)—FEDERAL COURTS—CITIZENSHIP OF PARTIES—PLEADING—AMENDMENT OF BILL.

The power of a federal court of equity to allow the amendment of a bill by changing the parties to give the court jurisdiction, and the propriety of exercising such power if it exists, should only be determined on a formal application and due notice and hearing.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 322.*]

In Equity. On demurrer to bill.

See, also, 172 Fed. 638.

Don R. Almy, Benj. S. Catchings, and Thos. C. McDonald, for complainants.

Kellogg & Rose, Wm. K. Hartpence, Philbin, Beekman & Menken, Garvan, Armstrong & Conger, and Bowers & Sands, for defendants.

NOYES, Circuit Judge. The demurrers to the complaint are sustained, with costs. The want of the necessary diversity of citizenship is obvious.

Upon the argument the counsel for the complainants informally asked to amend by striking out the name of one of the parties complainant. In a supplemental brief he asks in an equally informal manner to be permitted to make certain other amendments. But the power of the court to allow the desired amendments, and the propriety of the exercise of the power, if existing, should only be determined upon regular application and due notice and hearing. I am unwilling to dismiss the bill without giving the complainants an opportunity to make such application; but at present the only matter properly before me is the disposition of the demurrer.

The bill will be dismissed, with costs, unless within 30 days the complainants obtain leave to amend, and do amend, it by changing or rearranging the parties.